# EXHIBIT A

FILED PINAL COUNTY
SUPERIOR COURT
AMANDA STANFORD

AUG 3 0 2016



Michael L. York, #015362
Brian M. Torba, #028295
**WATTEL & YORK**
2175 North Alma School Road, #B107
Chandler, Arizona 85224
(480) 222-2020
Firm e-mail: ME-Pinal@wattelandyork.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| PATRICK MCENNERNEY, | No. CV 01601476 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| IDS PROPERTY CASUALTY INSURANCE COMPANY, | (Breach of Contract)<br>(Tort/Non-Motor Vehicle) |
| Defendants. | DANIEL A. WASHBURN |

Plaintiff for his Complaint against Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, alleges as follows:

**I.**

The events giving rise to the cause of action set forth herein occurred within the County of Pinal, State of Arizona, that this Court has jurisdiction over the subject matter and the parties to this litigation.

**II.**

Plaintiff is an individual residing in Pinal County, Arizona. Defendant is a foreign corporation doing business in the State of Arizona.

### III.

On January 29, 2015, Plaintiff was insured by Defendant through an automobile insurance policy. Specifically, Plaintiff was insured under policy number A100527250. Under the terms of this policy Plaintiff had underinsured motorist coverage for the purpose of payment for bodily injury caused by an accident when another party is underinsured.

### IV.

On January 29, 2015, Plaintiff was involved in a motor vehicle accident in which he sustained serious bodily injury and incurred reasonable and necessary medical expenses. Plaintiff makes economic claims including, but not limited to, medical expenses, pain and suffering and future medical expenses.

### V.

Plaintiff presented a claim to Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, including, but not limited to, medical expenses and general damages pursuant to his underinsured motorist coverage.

### **Underinsured Motorist Benefits Claim**

### VI.

Plaintiff re-alleges all contained in paragraphs I-V herein above.

### VII.

Plaintiff has fully performed his duties and obligations under the contract of insurance.

### VIII.

Claim for payment has been made under the underinsured motorist coverage and Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, has refused to provide a reasonable offer under the policy.

///

///

2

### IX.

Plaintiff has filed suit to obtain payment of a reasonable amount pursuant to the underinsured motorist coverage of his policy.

### **Breach of Contract**

### X.

Plaintiff re-alleges all contained in paragraphs I-IX herein above.

### XI.

Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, failed and refused to perform, under the contract of insurance, by denying the claim and refusing to offer a reasonable sum through the underinsured motorist coverage available on the aforementioned policy of insurance.

### XII.

Plaintiff alleges that Defendant's, IDS PROPERTY CASUALTY INSURANCE COMPANY, failure to perform the obligations under the contract of insurance are the proximate cause of the damages Plaintiff has suffered.

### XIII.

Damages herein exceed the minimum jurisdictional limits of the Court.

**WHEREFORE,** Plaintiff, PATRICK MCENNERNEY, requests judgment against said Defendants, as follows:

1. For payment pursuant to the terms of the underinsured motorist policy, an amount to be proved at Trial.

2. For interest at the legal rate on the foregoing sum.

3. For reasonable attorneys fees, pursuant to A.R.S. § 12-341.01;

4. For costs of suit herein; and

5. For such other and further relief as the Court deems just and proper.

DATED this 26th day of August, 2016.

WATTEL & YORK

By _____
Michael L. York
Brian M. Torba
*Attorneys for Plaintiff*

4



RECEIVED
SEP 06 2016

SUPERIOR COURT
AMANDA STANFORD

AUG 3 0 2016

Michael L. York, #015362
Brian M. Torba, #028295
**WATTEL & YORK**
2175 North Alma School Road, #B107
Chandler, Arizona 85224
(480) 222-2020
Firm e-mail: ME-Pinal@wattelandyork.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| PATRICK MCENNERNEY, | No. CV201601476 |
| Plaintiff, | **CERTIFICATE RE: COMPULSORY ARBITRATION** |
| vs. | |
| IDS PROPERTY CASUALTY INSURANCE COMPANY, | DANIEL A. WASHBURN |
| Defendants. | |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 26th day of August, 2016.

WATTEL & YORK

By _____
Michael L. York
Brian M. Torba
*Attorneys for Plaintiff*

Michael L. York, #015362
Brian M. Torba, #028295
**WATTEL & YORK**
2175 North Alma School Road, #B107
Chandler, Arizona 85224
(480) 222-2020
Firm e-mail: ME-Pinal@wattelandyork.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| PATRICK MCENNERNEY, | No. WY01601476 |
| Plaintiff, | |
| vs. | SUMMONS |
| IDS PROPERTY CASUALTY INSURANCE COMPANY, | |
| Defendants. | DANIEL A. WASHBURN |

THE STATE OF ARIZONA TO DEFENDANTS:

***IDS Property Casualty Insurance Company***
***c/o Arizona Department of Insurance***
***2910 North 44th Street, Suite 210***
***Phoenix, AZ 85018***

*YOU ARE HEREBY SUMMONED* and required to appear and defend in this action, in this Court within the following time limits:

*TWENTY DAYS* after the service of this Summons upon you, if you were served within the State of Arizona, or

*THIRTY DAYS* after the service of this Summons upon you, if you were served outside of the State of Arizona.

*TO APPEAR AND DEFEND*, you must file a Response upon the Plaintiff's attorney, within the above time limits.

Under Rule 10(d) A.R.C.P. and Section 12-311 A.R.S., all answers must be in writing, filed in the Clerk's office and be accompanied by the necessary filing fee.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three judicial days in advance of a scheduled Court proceeding.

***IF YOU DO NOT APPEAR AND DEFEND***, a judgment by default will be entered against you for the relief requested in the Complaint.

The Plaintiff's attorneys are: Michael L. York and Brian M. Torba of WATTEL & YORK, 2175 North Alma School Road, Suite B107, Chandler, Arizona 85224; (480) 222-2020.

SIGNED AND SEALED this date: Aug. 30, 2016

**AMANDA STANFORD**
Clerk of Superior Court

ELICIA R. MORROW
Deputy Clerk

2

# EXHIBIT B

# WATTEL&YORK
## ATTORNEYS AT LAW

David E. Wattel
Michael L. York
Thomas A. Grisoni
Brian M. Torba
David H. Cluff, Of Counsel *

* Licensed in AZ and CA

July 14, 2016

**Sent Via Certified Mail**

Ameriprise
Attn: Bibis Briones
PO 19018
Greenbay, WI 54307

Re:   Our Client/ Your Insured:   Patrick McEnnerney
      Claim number:                1930792-BG605
      Date of Loss:                January 29, 2016

Dear Ms. Briones:

Enclosed is a copy of our demand letter and an identical package of material which was submitted to Allstate, the liability carrier. Patrick's share of the $50,000 global third party policy limit settlement will be $5,000. He is taking only $5,000 as the two other claimants have sizable claims and no UIM benefits. Patrick's claim is worth more than the amount of his UIM policy limit of $100,000, combined with the liability payment of $5,000. We are attaching proof of the liability settlement, including their declarations page, settlement release and an asset affidavit for Allstate's insured driver. We will forward proof of the payouts once received, although you may also contact Bryan Elitz with Allstate to confirm that the policy is being paid out amongst the three claimants.

We hereby demand the policy limit and expect settlement with check in hand by **August 3, 2016.** We understand the policy in question calls for suit. In the event we are forced to file suit, we will seek attorneys fees in accordance with *Assyia v State Farm*. We will also seek costs. Rest assured, if the claim is not resolved by our deadline we will file suit.

In the event we initiate the arbitration or litigation process, our fee increases pursuant to our retainer agreement with your insured. The increased fees and costs, as well as the stress and anxiety that goes along with litigation, causes additional damage to my client, your insured. The duty of equal consideration requires that you take into consideration all of these factors when evaluating the claim. If you choose not to fulfill your contractual obligation to my client, we will expect you put to writing the facts, expert opinions, and jury compendium relied upon in reaching your decision. My client is entitled to know the basis of your evaluation, and should you refuse to do so, we will assume there is no good faith basis for the same.

We assume that we have provided everything you will need to fairly evaluate this claim. If you require additional information, please request the same immediately. Please do not wait until the eve of the deadline to request additional information. We expect the carrier to be diligent and attend to this claim immediately upon receipt. Delays due to understaffing, change in adjuster

2175 N. Alma School Road, Suite B.107 · Chandler, AZ 85224 · P. 480.222.2020 · F. 480.899.2741
4901 W. Glendale Avenue · Glendale, AZ 85301 · P. 623.937.5280 · F. 623.937.1359
2524 West Ruthrauff Road, Suite 216 · Tucson, AZ 85705 · P. 520.352.0183 · F. 520.638.8397
1102 S. 4th Avenue · Yuma, AZ 85364 · P. 928.329.1300 · F. 928.329.8408

July 14, 2016
Bibis Briones
*Page 2 of 2*

assignments, or the like will not be accepted. We put you on notice of our position in this regard now so that there are no excuses for failing to comply with our deadline.

All enclosures are submitted for settlement purposes only. We thank you for your anticipated cooperation.

Very truly yours,

WATTEL & YORK

David E. Wattel

DEW/blh

cc: Patrick McEnnerney

Enclosures as stated above

# WATTEL&YORK
## ATTORNEYS AT LAW

David E. Wattel
Michael L. York
Thomas A. Grisoni
Brian M. Torba
David H. Cluff, Of Counsel *

* Licensed in AZ and CA

June 24, 2016

*Sent Via FedEx*

Allstate Insurance
Attn: Bryan Elitz
222 S. Mill Avenue, Suite 521
Tempe, AZ 85281

Re:   Our Client:      Patrick McEnnerney
      Your Insured:    Brian William Doherty
      Claim No.:       0356362038 RBE
      Date of Loss:    1/29/2015

Dear Mr. Elitz:

This is a time sensitive document. It is imperative that you read it promptly, thoroughly, and carefully.

This is my client's demand for settlement for the policy limits available to your insured. Failure to comply with our demands will have serious consequences for your insured.

We have delivered this material to you in a timely fashion, and provided industry standard reasonable deadline for the carrier's compliance. You have previously been put on notice of the likely value of my client's claim, and the need for an affidavit from your insured. If you ignored our prior notice, you still have plenty of time to comply prior to expiration of our deadline.

### Overview of Care

Below please find a list of all providers my client has seen thus far, the dates of service, and the expenses associated with that care. We also enclose all records and bills for your review.

| Provider | Dates of Service | No. of Visits | Bills |
|---|---|---|---|
| Rural Metro Corporation | 1/29/2015 - 1/29/2015 | 1 | $1,371.72 |
| Banner Casa Grande Medical Center | 1/29/2015 - 1/29/2015 | 1 | $14,276.00 |
| Emergency Medicine Physicians of Pinal County | 1/29/2015 - 1/29/2015 | 1 | $832.50 |
| Medical Diagnostic Imaging | 1/29/2015 - 1/29/2015 | 1 | $587.00 |
| Chandler Family Care | 2/19/2015 - 3/30/2015 | 2 | $447.00 |
| Chandler Physical Therapy | 2/23/2015 - 4/2/2015 | 14 | $2,316.04 |

2175 N. Alma School Road, Suite B.107 · Chandler, AZ 85224 · P. 480.222.2020 · F. 480.899.2741
4901 W. Glendale Avenue · Glendale, AZ 85301 · P. 623.937.5280 · F. 623.937.1359
2524 West Ruthrauff Road, Suite 216 · Tucson, AZ 85705 · P. 520.352.0183 · F. 520.638.8397
1102 S. 4th Avenue · Yuma, AZ 85364 · P. 928.329.1300 · F. 928.329.8408

| | Total Medical Expenses: | $19,830.26 |
|---|---|---|

## Liability

On January 29, 2015, Mr. Patrick McEnnerney (vehicle #3) was traveling westbound on East Florence Boulevard in Casa Grande, Arizona. He was stopped in the turn median, behind vehicle #1, which was also preparing to make a left turn. Vehicle #1 pulled out in front of vehicle #2, which was traveling eastbound on East Florence Boulevard. The force of that collision caused vehicle #2 to spin around and collide with the front of Patrick's vehicle. Patrick was securely restrained in his lap belt and shoulder harness, but his body was still violently thrown about, causing immediate neck pain and back pain. Police and emergency medical services were dispatched to the accident scene. Patrick was placed in a cervical collar, strapped to a backboard and transported via ambulance, to Banner Casa Grande Medical Center.

## Prior Medical History

Patrick has a history of intermittent lower back pain and coronary artery disease. Patrick's lower back pain was treated with medication on an as needed basis. Prior to this accident, he was very physically active and able to cycle and run in marathons without distress.

## Course of Care

At Banner Casa Grande Medical Center, Patrick reported his pain level at 6 out of 10 (stated by the patient, based on the medically recognized Visual Analog Scale, with 0 being no pain and 10 being the most excruciating pain imaginable). He underwent the following studies:

- Cervical spine CT scan revealed a mild anterior subluxation of C4 on C5 without evidence of fracture, thought to be the basis of dorsal element hypertrophy and degenerative changes which would be better assessed with an MRI.
- The CT scan of his lumbar spine noted multilevel lumbar degeneration and unrelated diverticulosis and aortic atherosclerosis.
- The CT scan of his thoracic spine did not demonstrate any thoracic fractures.

Patrick was diagnosed with cervical and lumbar sprains. He was discharged home with instructions for care and prescribed Norco for pain and Flexeril for muscle spasms.

On February 19, 2015, Patrick presented to Chandler Family Care and was evaluated by Arnold Meyerowitz, M.D. for his head, neck and back pain. He was referred for physical therapy.

On February 23, 2015, Patrick presented to Chandler Physical Therapy. He reported neck pain, shoulder pain, left wrist pain and lower back pain at a pain level of 6 out of 10. His treatments included mechanical traction, therapeutic exercises, manual therapy, neuromuscular rehabilitation, massage, splinting/taping and a home exercise program.

Patrick followed up with Dr. Meyerowitz on March 30, 2015. He reported his back and shoulder pain was improved, but his left wrist pain persisted. The physical therapist had suggested an x-ray of his wrist, but it was not ordered.

Patrick continued with physical therapy until April 2, 2015. He was feeling significantly better and no longer required skilled therapy. He continued to perform his home exercise program.

### Impacted Lifestyle

Walking, bending, looking up and down, rotating his neck and lifting were painful. It was difficult for Patrick to complete his chores and his exercising was restrictive. Along with the physical pain, there were other problems that occurred as a result of this accident. Patrick experienced loss of sleep, anxiety and was irritable with family and friends. Patrick was unable to play with his grandchildren or enjoy other family functions. He experienced challenges in traveling to and from treatments and a lack of ability to perform even the easiest personal care tasks. Financial challenges because of medical bills were also experienced. Patrick still finds it difficult to drive, especially by the accident site. He is very cautious and hypervigilant when driving and fears he will be involved in yet another accident.

### Policy Limit Demand

My client will provide a full and final release of any and all claims arising out of any <u>bodily injury</u> suffered in exchange for payment of <u>all</u> applicable bodily injury policy limits, but only so long as the following are provided and strictly complied with by July 15, 2016.

1. Declarations sheets for all applicable bodily injury policies;

2. An affidavit addressing and confirming the following:

    **a.** No other applicable liability policies that would cover the loss exist;

    **b.** The insured driver has no significant assets. Significant assets are defined as those assets that would not be protected by an Arizona Bankruptcy. The affidavit should address, but not be limited to the following: stated value in all real property owned; stated value of all stocks, bonds, and other securities; stated value in any whole life insurance policies; stated value in any cash or other liquid assets; stated value of any collections including, but not limited to coins, jewelry and artwork; stated value in any retirement or 401K's; stated value of any significant assets. (This affidavit was referenced long ago in our initial letter of representation; once again, there should be no surprises here);

    **c.** The factual basis establishing that the insured driver was not on the job at the time of the loss, such that an employer might have responsibility for the insured driver's actions;

    **d.** The insured driver was not operating a family vehicle, such that the family purpose doctrine might apply;

This affidavit is critical, and settlement cannot be reached without it. A sample affidavit will not be provided to you. We do not have contact with your insured. We do not know the financial means of your insured. We do not know the circumstances surrounding your insured's utilization of the involved vehicle. Since the inception of this claim, you have been advised that we will require this affidavit. You have been, and still are, in the best position to obtain this affidavit. This carrier has obtained affidavits in the past on behalf of insureds, so refusal or failure to do so at this time will violate your duty to defend, and your duty to give equal consideration to your insured. You will need to either personally, or with counsel's assistance, obtain this affidavit and the other information requested for us. You may check with counsel, but the obligation to defend under the terms of the insurance agreement require that you comply with these and other reasonable requests made herein.

3.        Settlement draft or drafts for all applicable policy limits. Any third party (including properly perfected lien holders) that the carrier is obligated to include on the settlement draft may be placed thereon. *The check must be received in our office located at 2175 N. Alma School Road, Suite B-107, Chandler, AZ 85224 on or before our deadline.*

**Again, all of the items outlined above must be in our possession no later than July 15, 2016.**

Should you require additional time or documentation, please let us know immediately. We may grant the request if there is reasonable justification for doing so. You can assume that unless there is good cause shown, there will be no extension given. If we do not hear from you by **July 8, 2016**, which is approximately one week prior to the deadline, we will assume that you will be able to fully respond to all of our reasonable demands (including everything identified in numbers 1-3 above), and that you have all information you need in order to properly evaluate this claim.

If you decide not to comply with any of these reasonable demands, then settlement will not be reached. The vast majority of insurance carriers have no problem complying with the reasonable demands made herein, and in fact, do so all the time. In fact, this particular carrier may have done so in the past.

This demand is being made as a compromise offer, so as to reach settlement short of litigation. Reasonable minds would conclude that the value of my client's claim is in excess of your insured/insured driver's policy limit. My client is compromising by considering settlement for less than the full value of their claim. If, however, all of our reasonable demands are not met by the deadline stated herein, my client has instructed me to file suit and withdraw the offer. The offer will never be made again.

On occasion, carriers do not feel they are required to respond to a time limit demand. Nor do they believe they need to provide asset verification. Industry standard would dictate otherwise. The carrier has an obligation under Arizona law to fulfill its contractual obligation to its insured/insured driver. That means investigating claims reasonably and in a timely fashion. That also includes meeting reasonable demands made upon them. Asking for an affidavit regarding the lack of assets is not unreasonable. It clearly falls under the duty to defend obligation of your insured/insured driver's contract. Without such an affidavit, my client will not give a full and final release. There may be assets from which to seek recovery that could allow a more equitable resolution for my client. You would be asking me to potentially commit malpractice by having my client sign off on a settlement for policy limits not knowing if other assets, coverage or means are available from which to collect.

Should you not strictly comply with all of our reasonable demands, or after receiving and reviewing the asset affidavit it appears that your insured/driver has significant assets to satisfy a judgment beyond the available coverage, then settlement has not been reached. Only after receiving and reviewing all of the items above will we be in a position to evaluate the carrier's compliance with our demand, and advise our client.

We will not have our client sign a release in advance of receiving funds. Do not attempt to send a release for signature prior to sending the settlement drafts. This will be taken as a counter to our offer, and will be deemed rejected. While we understand that a release may be required prior to our negotiating the settlement drafts, there is no requirement under the law, or within the industry, for a release to be signed prior to the settlement drafts being issued and sent. We agree that in the event we receive all of the items we have outlined herein, and my client decides to resolve this case for all available policy limits, we will return a signed release prior to negotiating the drafts.

Should the carrier not agree to meet my client's reasonable demands, my client has instructed me to file suit. Once the deadline passes, the carrier's opportunity to resolve this claim within the policy limit is forever gone. My client will never again compromise this claim down to the available policy limit. We will then look to your insured for the full value of my client's personal injury claim.

By not meeting my client's very reasonable demands, the carrier will be putting their insured in a very poor position. In addition to the excess personal financial exposure your insured will face, they may also lose driving privileges under State law.

We have provided everything we believe you will need to evaluate this claim. If you request anything else, we expect that you will pay a reasonable amount for said material. Such services might include clerk time ($12.00 per hour) or the reimbursement of copy charges.

This entire package of material, including this demand letter, is being submitted for settlement purposes only. On behalf of my client and your insured/insured driver, I look forward to prompt resolution of this claim.

Very truly yours,

WATTEL & YORK

David E. Wattel

DEW/aks

cc: Patrick McEnnerney

Enclosures as stated above